# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division: | Case Number: 1416-CV10364 |
|---|---|
| JALILAH OTTO | |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address, or Plaintiff/Petitioner, if pro se: |
| MILADY R. PETERS | ALAN J. STECKLEIN |
| | 748 ANN AVENUE |
| | KANSAS CITY, KS 66101 |
| vs. | (913) 371-0727 |
| Defendant/Respondent: | Date, Time, and Location of Court Appearance: |
| NORTHLAND GROUP INC. | 04-JUN-2014, 09:00 AM |
| | DIVISION 26 7TH FLOOR |
| | 415 E 12th |
| Nature of Suit: | KANSAS CITY, MO 64106 |
| AC Misc Associate Civil-Other | |

(Date File Stamp)

## Associate Summons for Service by Registered or Certified Mail

The State of Missouri to: NORTHLAND GROUP INC.
Alias:

THE CORPORATION COMPANY INC.
112 SW 7TH STREET, SUITE 3C
TOPEKA, KS 66603


COURT SEAL OF
JACKSON COUNTY

You are summoned to appear before this Court on the date, time, and location above, to answer the allegation in the petition filed by the above-named Plaintiff/Petitioner, a copy which of which is attached. If you fail to appear at the time and place stated in this summons, judgment by default will be taken against you for the relief demanded in the petition.
If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

07-MAY-2014
Date Issued                                              _____ Clerk

Further Information:

### Certificate of Mailing

I certify that on _____ (date), I mailed a copy of this summons and a copy of the petition to Defendant/Respondent NORTHLAND GROUP INC. by registered or certified mail, requesting a return receipt by the addressee only, to the said Defendant/Respondent at the address furnished by Plaintiff/Petitioner.

_____
Date

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.

Circuit Court of Jackson County

Revised 7/3/2013     Service Information - Attorney

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
ASSOCIATE CIRCUIT DIVISION
AT KANSAS CITY

| | |
|---|---|
| Milady R. Peters, <br> Plaintiff, <br> vs. <br> Northland Group Inc., <br> Defendant. | Case Number:_____ <br><br> Division: _____ |

### PETITION

Comes now Plaintiff Milady R. Peters and for Plaintiff's petition against Defendant Northland Group Inc. hereby alleges as follows:

### COUNT I
**(Demanding interest for which Defendant is not entitled by contract or law - Violation of the Fair Debt Collections Practices Act – 15 U.S.C. §1692 et seq.)**

1. Plaintiff is a natural person residing in Missouri.

2. Defendant regularly conducts business in the state of Missouri.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(2) and is alleged to have owed a "debt" of a personal, family, or household nature, as defined by 15 U.S.C. §1692a(5).

4. Defendant is regularly engaged in the third-party collection of consumer debt and are "debt collectors" as defined by the Fair Debt Collection Practices Act (hereafter FDCPA), at U.S.C. §1692a(6).

5. Defendant is engaged in the business of purchasing and collecting "charged-off" consumer accounts alleged to have been originally owed to others (hereinafter "originating creditor").

6. On October 26, 2013, Defendant send a demand to Plaintiff, alleging it represented LVNV Funding LLC, a debt buyer who claimed to have purchased a consumer account from GE Electric Capital Corp. and, pursuant to that purchase, LVNV Funding LLC now alleges that it stands in the shoes of GE Electric Capital Corp. and is entitled to enforce the account pursuant to that purchase.

7. On October 26, 2013, Defendant reported to a credit reporting agency, Experian, that the amount owed was $829.41 as of October 26, 2013. See Exhibit A.

8. GE Electric Capital Corp. had charged off the debt at an amount less than $829.41.

9. Therefore, Defendant had assessed interest on the alleged debt after it was charged off by the original creditor, GE Electric Capital Corp.

10. The Truth in Lending Act (TILA) regulates the type of account at issue in this case.

11. TILA requires a creditor to send periodic statements to the debtor each billing cycle if there is an outstanding balance on an account where finance charge is imposed. 15 U.S.C. §1637(b).

12. That required periodic statement must contain certain required information which describes what and how the creditor is assessing interest and finance charges. 15 U.S.C. §1637(b).

13. Consistent with 15 U.S.C. §1637(b), Regulation Z also requires creditors to "mail or deliver a periodic statement as required by [12 C.F.R.] § 226.7 for each billing cycle at the end of which an account has a debit or credit balance of more than $1 or on which a finance charge has been imposed." *Id.* at 12 C.F.R. §226.5(b) (2)(i).

2

14. However, Regulation Z provides exceptions to this requirement that periodic statements be sent and enables creditors to *not* send those required periodic statements if the creditor does certain things.

15. One of those exceptions is if the creditor has charged-off the account in accordance with loan-loss provisions and <u>will not charge any additional fees or interest on the account</u>. *Id.* at 12 C.F.R. §226.5(b)(2)(i).

16. Therefore, under applicable regulations, GE Electric Capital Corp. was required to send periodic statements to Plaintiff until it "charged-off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account." *Id.* at 12 C.F.R. §226.5(b)(2)(I).

17. Previous to the alleged purchase of the account by the Defendant from GE Electric Capital Corp., GE Electric Capital Corp. charged-off an account alleged to have been incurred by Plaintiff.

18. Because GE Electric Capital Corp. had charged-off the account, it was not required to send periodic statements to Plaintiff, as would otherwise be required by law.

19. Therefore, after charging-off the account, GE Electric Capital Corp. did not send any billing statements regarding the account to the debtor.

20. GE Electric Capital Corp. took advantage of the charge off exception to enable it not to be required by send periodic billing statements.

21. The legal tradeoff for entitling GE Electric Capital Corp. to take advantage of the charge off exception is that it was precluded by law from charging any additional fees or interest on the account.

3

22. Therefore, after the account was written off, GE Electric Capital Corp. was precluded by law from charging additional fees or interest on the account because it had not sent out the periodic statements.

23. Furthermore, GE Electric Capital Corp. had therefore waived its right to charge interest on the charged off account. *Simkus v. Cavalry Portfolio Services, LLC*, 2012 WL 1866542 (WD Ill. 2012); *McDonald v. Asset Acceptance LLC*, Case No. 2:11-cv-13080, (ED Michigan 2013).

24. Defendant professes to be in the same shoes as GE Electric Capital Corp.

25. Defendant would not acquire any greater rights than GE Electric Capital Corp. had at the time of the alleged purchase.

26. At the time of the alleged purchase, GE Electric Capital Corp. did not have the legal right to charge interest.

27. There is no legal basis for Defendant to charge interest on the charged-off account for which GE Electric Capital Corp. failed to maintain periodic statements.

28. By demanding that interest was due for which there was no legal basis, Plaintiff violated 15 U.SC. §1692f, which prohibits a debt collector from the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

29. The Plaintiff was attempting to collect a consumer debt as defined by 15 U.S.C. §1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the

subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

30. The standard in determining whether the Plaintiff violated the FDCPA is the least sophisticated consumer standard. Claims should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse. *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237 (2nd Cir. 1998); *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222, 1225-27 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172 -75 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

31. The above-described acts are misleading to the least sophisticated consumer.

32. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

33. As a result of the above violations of the stated Act, the Defendant is liable to the Plaintiff for actual damages; statutory damages up to $1,000.00 pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for actual damages; statutory damages pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

Respectfully submitted,

By: /s/ A.J. Stecklein
A.J. Stecklein #46663
Consumer Legal Clinic LLC
748 Ann Avenue
Kansas City, Kansas 66101
Telephone: 913-371-0727
Facsimile: 913-371-0147
Email: AJ@KCconsumerlawyer.com
Attorneys for Plaintiff

Electronically Filed - Jackson - Kansas City - May 06, 2014 - 09:16 AM

6

Electronically Filed - Jackson - Kansas City - May 06, 2014 - 09:16 AM

**1416-CV10364**



**Northland Group Inc.**

866-699-2652 ext 3515
For Hours of Operation, please visit us at:
www.payments2northland.com

October 26, 2013



Minneapolis, MN 55439
Mail Code SSLS

**ACCOUNT INFORMATION**
Current Account Owner: LVNV Funding LLC
Original Creditor: General Electric Capital Corporation
Original Account #: ************8543
**PAYMENT ADDRESS**
P.O. Box 390846, Minneapolis, MN 55439
**NORTHLAND ACCOUNT NUMBER**
F99170970
**CURRENT BALANCE DUE:**
$829.41
Settlement Offer: $348.36

Milady Lyons (F99170970-10/26x33)
10443 N Cherry Dr
Kansas City, MO 64155-5024



---

### Your Past Due Account Balance $829.41
### Your Settlement Offer $348.36

---

The current account owner, LVNV Funding LLC, will allow you to settle your account for $348.36 in 3 payments starting on 11/16/13. We are not obligated to renew this offer. The payments can be no more than 30 days apart. Once all three payments have been paid to our office on time, a letter will be sent confirming the above referenced account has been resolved. Please send in the payments along with a payment stub to the address below.

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose. This communication is sent to you by Northland Group, Inc., a debt collector and a member of ACA International. **This collection agency is licensed by the Minnesota Department of Commerce.**



Pay Online: www.payments2northland.com

Pay by Phone! Please call Northland Group, Inc. toll-free at 866-699-2652 ext 3515. We offer check by phone, Western Union, and credit card.

Pay by Mail: Send payments to PO Box 390846, Minneapolis, MN 55439.

---

**1 of 3**
Northland Account #: F99170970
Client Code: RESU
Original Account #: ************8543
Mail Payment to:
Northland Group, Inc.
P.O. Box 390846
Minneapolis, MN 55439
Or pay online at:
payments2northland.com
PAYMENT AMOUNT: $116.12
Due Date: 11/16/13

Detach coupon and mail with payment

**2 of 3**
Northland Account #: F99170970
Client Code: RESU
Original Account #: ************8543
Mail Payment to:
Northland Group, Inc.
P.O. Box 390846
Minneapolis, MN 55439
Or pay online at:
payments2northland.com
PAYMENT AMOUNT: $116.12
Due Date: 30 days from 1st payment

Detach coupon and mail with payment

**3 of 3**
Northland Account #: F99170970
Client Code: RESU
Original Account #: ************8543
Mail Payment to:
Northland Group, Inc.
P.O. Box 390846
Minneapolis, MN 55439
Or pay online at:
payments2northland.com
PAYMENT AMOUNT: $116.12
Due Date: 30 days from 2nd payment

Detach coupon and mail with payment