IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MILADY R. PETERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-0488-CV-W-ODS |
| ) | |
| NORTHLAND GROUP INC., ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION (1) DENYING DEFENDANT'S MOTION TO DISMISS AND
(2) DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

Pending is Defendant's Motion to Dismiss. The Court agrees with Defendant's analysis of the law that governs Plaintiff's claim, but does not agree that dismissal is the appropriate remedy at this juncture. Accordingly, the motion (Doc. # 10) is denied, and Plaintiff is directed to file an Amended Complaint.

I. BACKGROUND

Plaintiff borrowed money on a credit card financed by GE Electric Capital Corp. ("GE Capital"), and thereafter became delinquent in her payments. GE eventually charged off the debt; there is no allegation as to the amount of the debt at the time of charge off but it was less than $829.41. After charging off the debt GE stopped sending periodic statements to Plaintiff. GE thereafter sold the debt to LVNV Funding, LLC, which retained Defendant to collect the debt. In the course of collecting the debt Defendant reported to a credit reporting agency that Plaintiff owed $829.41. Plaintiff then filed suit in state court alleging a violation of the Fair Debt Collection Practices Act ("FCDPA") arising from Defendant's attempt to collect an amount greater than the actual debt.

II.  DISCUSSION

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." Stodghill v. Wellston School Dist., 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

The parties generally agree that LVNV stepped into GE Capital's shoes, so LVNV's ability to charge interest was no greater than GE Capital's.  The question thus becomes: did GE Capital have the right to charge interest after it charged off the debt? The answer is that GE Capital could not charge interest pursuant to the contract, but it could charge interest based on the statutory rate for prejudgment interest.

Plaintiff alleges GE Capital charged off the account and elected not to charge more interest, which permitted it to stop sending periodic statements.  See 12 C.F.R. § 226.5(b)(2)(i).  Defendant contends there might be other reasons why GE Capital elected not to send periodic statements, but the Court must accept Plaintiff's allegations as true.  The facts the Court must accept as true demonstrate GE could not recover the contractual rate of interest – but this does not end the inquiry.  Defendant contends that even if GE Capital surrendered the right to charge contractual interest (and, therefore,

denied LVNV the opportunity to so), it retained the right to charge prejudgment interest at the statutory rate established by Missouri law.  Defendant is correct: courts have consistently held that creditors may charge interest at a state's statutory rate even after the creditor charges off the debt and waives the right to collect interest at the contractual rate.  E.g., Peters v. Financial Recovery Services, Inc., No. 14-0489-CV-W-GAF (W.D. Mo. Sept. 18, 2014); Grochowski v. Daniel N. Gordon, P.C., 2014 WL 1516586 (W.D. Wash. Apr. 17, 2014); Stratton v. Portfolio Recovery Associates, LLC, 2013 WL 6191804 (E.D. Ky. Nov. 26, 2013).  Plaintiff argues these cases are incorrect and that 12 C.F.R. § 226.5(b)(2)(i) flatly prohibits the collection of *all* interest.  The regulation's context and the enabling statutes suggest otherwise, as they regulate disclosure of interest and finance charges imposed by the consumer's loan agreement; the regulation is not targeted toward disclosure of the fixed rate of interest states routinely impose on debts prior to judgment.  Plaintiff's alternative argument that Missouri's statute does not apply is rejected; the statute is substantially the same as the Kentucky statute considered in Stratton.

GE had the right to charge prejudgment interest on the charged-off amount, so LVNV had the same right.  Defendant contends this justifies dismissal because Plaintiff has not specified that LVNV charged the improper (contractual) interest.  The Court tends to disagree and believes Defendant is imposing a higher standard than that required by Iqbal and Twombley.  The Court will not resolve this issue, however; instead, the Court notes that the Petition filed in state court was not required to adhere to Iqbal and Twombley because those cases govern pleading in federal court.  It would be a miscarriage of justice to dismiss the pleading filed in state court simply because it fails to abide by federal pleading standards – particularly given that it should be a simple matter to plead sufficient detail and prove Plaintiff's case.[1]

---

[1] The charged off debt was for an unspecified amount less than the $829.41 Defendant is attempting to collect for LVNV.  It should be a simple matter to compare the amounted owed GE Capital at the time the debt was charged off with the amount claimed by Defendant on LVNV's behalf, and then determine if the difference is due to interest charged at the contractual rate or the statutory rate.

3

## III.  CONCLUSION

The Motion to Dismiss is denied.  Plaintiff shall have until and including October 20, 2014, to amend her Complaint to specify that Defendant is attempting to collect a debt to which the contractual rate of interest was added after the debt was charged off.


IT IS SO ORDERED.

|  |  |
|---|---|
| DATE: September 30, 2014 | /s/ Ortrie D. Smith<br>ORTRIE D. SMITH, SENIOR JUDGE<br>UNITED STATES DISTRICT COURT |